NOV 1 2021 FILED-USDC-CT-NEW HAVEN



# UNITED STATES DISTRICT COURT
for the

ANDREW COOK
*Petitioner*

v.

WARDEN MARTIN/STATE OF CONNECTICUT
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 3:21 cv 1465 (SRU)
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Andrew Walter Cook
   (b) Other names you have used: ______
2. Place of confinement:
   (a) Name of institution: Corrigan Correctional Institution
   (b) Address: 986 Norwich-New London Tpk.
   Uncasville, CT 06382
   (c) Your identification number: 103713
3. Are you currently being held on orders by:
   ☐ Federal authorities ☒ State authorities ☐ Other - explain:
4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:
   (b) Docket number of criminal case:
   (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☒ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:
(a) Name and location of the agency or court: Norwich Superior Court
1 Courthouse Square,Norwich,CT 06360
(b) Docket number, case number, or opinion number: K21NCR210163591-S,K21NCR0163593-S
(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: Challenging Indecision and Inactions by the Court/s and abuse of power by the Governor.
(d) Date of the decision or action: Ongoing and continual 03/04/2021-Arraignment,05/05/-2021-court date*,07/27/2021-court date,08/24/2021-court date*,10/05/2021, AND 10/25/2021
*Never brought to court.

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**
Did you appeal the decision, file a grievance, or seek an administrative remedy?
☐ Yes ☒ No
(a) If "Yes," provide:
(1) Name of the authority, agency, or court:
(2) Date of filing:
(3) Docket number, case number, or opinion number:
(4) Result:
(5) Date of result:
(6) Issues raised: Non Appealable issues

This Habeas IS my appeal so t6 speak.

(b) If you answered "No," explain why you did not appeal: No other avenue of redress.Court continually violating Constitutional rights with impunity by virtue of thier own abuses and by Governors "executive order".Ignoring Motions for Discvery/Compell.Delaying court dates unnecaasarily.Access to court violations.

8. **Second appeal**
After the first appeal, did you file a second appeal to a higher authority, agency, or court?
☐ Yes ☐ No N/A

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ______

N/A

(2) Date of filing: ______

(3) Docket number, case number, or opinion number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(b) If you answered "No," explain why you did not file a second appeal: See #7-Same

N/A

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: N/A

(2) Date of filing: ______

(3) Docket number, case number, or opinion number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(b) If you answered "No," explain why you did not file a third appeal: See #7-Same

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing: N/A

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: Am unsentenced prisoner being held without Due process protections as if the U.S.Constitution has been abolished.

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody:

(b) Date of the removal or reinstatement order:

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☒ No

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes ☒ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☒ Yes ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: Motion for Discovery(filed 05/03/2021),Motion COmpell Discovery
(b) Name of the authority, agency, or court: Norwich Superior Court
(c) Date of filing: Discovery Motion-05/03/2021,Compell Motion-ON/about 06/06/20
(d) Docket number, case number, or opinion number: K21NCR21-0163591-S,K21NCR21-0163593-S
(e) Result: None-thats part of the problem
(f) Date of result: —
(g) Issues raised: Discovery,Bill of particulars,Motions to Compell such. Cant defend myself without proper Notice-Pro Se Defendant,though "assigned"counsel to assist Me (though have yet to have heard hide nor hair of him in almost 2 months) Dont have so much as a 1-pg.police re--port from the state in 7(seven)months.! Rec'd 2-pg. police narrative on 10/5/21. AC

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

SEE: ATT. B-4

**GROUND ONE:** Discovery/Bill of Particulars being withheld in violation of the 6th Amendment-Notice.Motion to Compell being ignored also in violATION OF the 6th amendment and the right to notice.How can I defend my liberty without notice of charges against me???

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

ALSO: C-1, C-2, D, E-1, E-2, E-3 →

Filed Motion for Discovery/Bill of Particulars on 05/03/2021. Filed Motion to Compell(Discovery)on 06/06/2021.Filed Amended Motion to Compell on/about 06/15/2021.Mailed 06/08/2021 but im--possible to contact clerk to verify,never mind ask why contin--uances?Though asked once and told"cant find my file"

(b) Did you present Ground One in all appeals that were available to you? Only avenue available is to be heard in court and when motions are delayed indef--inately and"no reason continuances are the norm then what--???I,m basically the count of monte cristo.

❒ Yes ☒ No

**GROUND TWO:** My Due process rights are being violated with impunity. By virtue of the 14th Amendment I am being deprived of Liberty without Due Process of Law by virtue of the state abusing it,s powers.I am a U.S.citizen.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: Same supporting facts as above#13(a).

(b) Did you present Ground Two in all appeals that were available to you? Sane as #13(b)above.

❒ Yes ☒ No

**GROUND THREE:** Due Process violation are compounding with the fact the A Motion to Dismiss and a Motion to Supress are undefendable without the neccasary evidence(maybe exculpatory)to properly defend my motions.One of which(Mot.Suppress)involves a 4th Amend. violation which resulted in the bulk of my criminal charges.Though

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: I'm aware the court can delay these up til just before trial.

Filed Motion to Dismiss on/about 06/29/2021
Filed Motion to Surpress on/about 09/21/2021

(b) Did you present Ground Three in all appeals that were available to you?

❒ Yes ☒ No

**GROUND FOUR:** Violation of Seperation of Powers Act through the effect of the 14th Amendment.The state has made a rule suspending and/or altering the due process of motiond and suspended speedy trial provisions in violation of my 6th Amendment right."NO STATE SHALL MAKE---ENFORCE --ABRIDGE"The state is blatently disregarding my(and all incarcerated accused)Constitutional right

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: Governor Lamont executive orders CAN,T take My Constitutional rights.

The CT Practice Book procedures has adopted changes /Appendix of section 1-9B changes.two new "rules'Sec.E1-90 and E3-22 and amended E23-68 and E44-10A and P.B.Sec.43-39 speedy trial and P.B.Sec.41-5 On motions has basically barred my right to have motions heard in a timely manner and has banned speedy trial provisions in violation of my 6th and 14th Amendment rights thus leading to 8th Amendment violations of be--ing held indefinately .No Governor,No rules "committee"Nor can any judges of any superior court take away my Constitutional guarantees.The CT state Legislature can't!!Unless this is a totalitarian government Gov. Lamont and the Judges of Superior COURT have blatently violated Seperation of Powers,the 6th,14th and my 8th AMENDMENT rights.

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes ☐ No

~~14. If there are any grounds that~~ you did not present in all appeals that were available to you, explain why you did not: SEE: ATT. A-1, B-1, B-2, B-3

**Request for Relief**

15. State exactly what you want the court to do: To execute a writ of Habeas Corpus,the exact purpose of this petition to wit Immediate release from confinement.The Constitutional violations are so egregious and blatent and being that they are continual and ongoing with no way of being corrected the only recourse is release from confinement.The State of Connecticuts actions are an OFFENSE to the U.S.Constitution and a slap in the face to the intent of the original framers of the constitution,that is a system of checks and balances so abuses like this could not take place.Pandemic powers,executive orders,committees nor ANY reason can superceede the Constitution because if they can it's only a matter of time before law and order breaks down and total anarchy sets in.

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

10/28/21 - FOR POSTAGE FEES FIRST.

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 10/28/21

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

A-1

APPENDIX OF SECTION 1-9B CHANGES Practice Book Rules Adopted, Amended or Suspended Under Section 1-9B in Light of the Declared Public Health and Civil Preparedness Emergencies OnMarch10,2020,GovernorLamontdeclaredapublichealthemergencyandacivilpreparedness emergency. Those states of emergency were renewed by Governor Lamont on September 1, 2020. On March 24, 2020, and May 11, 2020, the Rules Committee of the Superior Court met pursuanttoitsemergencyauthorityinSection1-9Bandadopted,amended,orsuspendedvarious rules that the committee deemed necessary in light of those declared emergencies. On June 26, 2020, the judges of the Superior Court considered the actions taken by the Rules Committee and adoptedthechangessetforthherein.AcopyofthesechangeswaspromulgatedintheConnecticut Law Journal on July 14, 2020. The text of two new rules is set forth in Sections E1-9C and E3-22 below. Sections E2368andE44-10Aindicateamendmentstotheircorrespondingrulesofpracticebyusingbrackets for deletions and underlines for additions. The remaining provisions describe the manner in which the corresponding rule of practice was suspended or otherwise altered. The prefix "E" has been added to existing section numbers in order to facilitate independent citations to the material contained within this appendix, and certain technical corrections have been made. Otherwise, the material set forth herein is presented in the manner it was adopted. NOTE CONCERNING STATUS OF APPENDIX: This appendix reflects the status of rules that wereadopted,amended,orsuspendedasofJuly14,2020,thedateofpublicationintheConnecticut Law Journal. Subsequent to that publication, some of these provisions have changed due to the fluid nature of the public health emergency and the civil preparedness emergency. The reader is cautioned to refer to www.jud.ct.gov, www.jud.ct.gov/COVID19.htm and www.jud.ct.gov/pb.htm for the current status of the provisions contained in this appendix.

JUST BECAUSE ITS WAS PUT IN CT LAW JOURNAL DOESNT MAKE IT LAW. IT DIDNT GO THROUGH LEGISLATURE.

YOU CAN NOT SUSPEND OR AMEND MY DUE PROCESS RIGHTS!

B-1

Sec. 43-39. Speedy Trial; Time Limitations* (a) Except as otherwise provided herein and in Section 43-40, the trial of a defendant charged withacriminaloffenseduringtheperiodfromJuly 1, 1983, through June 30, 1985, inclusive, shall commence within eighteen months from the filing of the information or from the date of the arrest, whichever is later. (b) The trial of such defendant shall commence withintwelvemonthsfromthefilingoftheinformation or from the date of the arrest, whichever is later, if the following conditions are met:

(1) the defendant has been continuously incarcerated in a correctional institution of this state pending trial for such offense; and (2)thedefendantisnotsubjecttotheprovisions of General Statutes § 54-82c. (c) Except as otherwise provided herein and in Section 43-40, the trial of a defendant charged with a criminal offense on or after July 1, 1985, shall commence within twelve months from the filing of the information or from the date of the arrest, whichever is later. (d) The trial of such defendant shall commence within eight months from the filing of the information or from the date of the arrest, whichever is later, if the following conditions are met: (1) the defendant has been continuously incarcerated in a correctional institution of this state pending trial for such offense; and (2)thedefendantisnotsubjecttotheprovisions of General Statutes § 54-82c. (e) If an information which was dismissed by the trial court is reinstated following an appeal, the time for trial set forth in subsections (a), (b) and (c) shall commence running from the date of release of the final appellate decision thereon. (f) If the defendant is to be tried following a mistrial, an order for a new trial, an appeal or collateral attack, the time for trial set forth in subsections(a),(b)and(c)shallcommencerunningfrom the date the order occasioning the retrial becomes final. (P.B. 1978-1997, Sec. 956B.) *APPENDIX NOTE: The Rules Committee of the Superior Court enacted, and the judges of the Superior Court subsequently adopted, certain changes to the provisions of this rule in response to the public health and civil preparedness emergencies declared on March 10, 2020, and renewed on September 1, 2020. See Appendix of Section 1-9B Changes. Sec. 43-40. — Excluded Time Periods in Determining Speedy Trial The following periods of time shall be excluded in computing the time within which the trial of a defendant charged by information with a criminal offense must commence pursuant to Section 43-39: (1)Anyperiodofdelayresultingfromotherproceedings concerning the defendant, including but not limited to: (A)delayresultingfromanyproceeding,including any examinations, to determine the mental competencyorphysicalcapacityofthedefendant; (B) delay resulting from trial with respect to other charges against the defendant; (C) delay resulting from any interlocutory appeal;

419 ▯ Copyrighted by the Secretary of the State of the State of Connecticut

(D)thetimebetweenthecommencementofthe hearing on any pretrial motion and the issuance of a ruling on such motion; (E) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the judicial authority; (F) delay resulting from any proceeding under General Statutes §§ 17a-685, 54-56e, 54-56g, 54-56m or any other pretrial diversion program authorized by statute. (2) Any period of delay resulting from the absence or unavailability of the defendant, counsel for the defendant, or any essential witness for the prosecution or defense. For purposes of this subdivision, a defendant or any essential witness shall be considered absent when such person's whereabouts are unknown and cannot be determined by due diligence. For purposes of this subdivision, a defendant or any essential witness shall be considered

B-2

8

unavailable whenever such person's whereabouts are known but his or her presence for trial cannot be obtained by due diligence or he or she resists appearing at or being returned for trial. (3) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial. (4) A reasonable period of delay when the defendanthasbeenjoinedfortrialwithacodefendant as to whom the time for trial has not run and no motion for severance has been granted. (5) Any period of time between the date on which a defendant or counsel for the defendant and the prosecuting authority agree that the defendant will plead guilty or nolo contendere to the charge and the date the judicial authority accepts or rejects the plea agreement. (6) Any period of time between the date on whichthedefendantentersapleaofguiltyornolo contendere and the date an order of the judicial authority permitting the withdrawal of the plea becomes final. (7)Theperiodofdelayresultingfromacontinuance granted by the judicial authority at the personal request of the defendant. (8)Theperiodofdelayresultingfromacontinuance granted by the judicial authority at the request of the prosecuting authority, if: (A) the continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting authority has exercised due diligence to obtain such evidence and therearereasonablegroundstobelievethatsuch evidence will be available at a later date; or (B) the continuance is granted to allow the prosecuting authority additional time to prepare



the state's case and additional time is justified because of the exceptional circumstances of the case. (9) With respect to a defendant incarcerated in another jurisdiction, the period of time until the defendant's presence for trial has been obtained, provided the prosecuting authority has exercised reasonable diligence (A) in seeking to obtain the defendant's presence for trial upon receipt of a demand from the defendant for trial, and (B) if the defendant has not theretofore demanded trial, in filing a detainer with the official having custody of thedefendantrequestingthatofficialtoadvisethe defendant of the defendant's right to demand trial. (10) Other periods of delay occasioned by exceptional circumstances. (P.B. 1978-1997, Sec. 956C.) Sec. 43-41. —Motion for Speedy Trial; Dismissal If the defendant is not brought to trial within the applicable time limit set forth in Sections 43-39 and 43-40, and, absent goodcause shown, a trial is not commenced within thirty days of the filing of a motion for speedy trial by the defendant at



any time after such timelimit has passed, the information shall be dismissed with prejudice, on motion of the defendant filed after the expiration of such thirty day period. For the purpose of this section, good cause consists of any one of the reasonsfordelaysetforthinSection43-40.When good cause for delay exists, the trial shall commence as soon as is reasonably possible. Failure of the defendant to file a motion to dismiss prior to the commencement of trial shall constitute a waiver of the right to dismissal under these rules. (P.B. 1978-1997, Sec. 956D.) Sec. 43-42. —Definition of Commencement of Trial For purposes of Sections 43-39 through 43-41, "commencement of trial" means the commencement of the voir dire examination in jury cases and the swearing-in of the first witness in nonjury cases. (P.B. 1978-1997, Sec. 956E.) Sec. 43-43. —Waiver of Speedy Trial Provisions The provisions of Sections 43-39 through 4342 may be waived by any defendant in writing or on the record in open court. (P.B. 1978-1997, Sec. 956F.)

B-3

C.G.S.

**Sec. 54-82d. (Formerly Sec. 54-140). Dismissal of charges on failure to grant prisoner speedy trial.** If an action is not assigned for trial within the period of time as provided in section 54-82c, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect, and the court shall enter an order dismissing the same.

THIS ACTION BASICALLY DOES AWAY WITH THIS CONNECTICUT LAW. SEVERAL LAWS, WITHOUT LEGISLATION.

B-4



# CHAPTER 41

# PRETRIAL MOTIONS


| Sec. | |
|---|---|
| 41-1. | Pretrial Motion Practice; Exclusive Procedures |
| 41-2. | —Matters To Be Raised by Motion |
| 41-3. | —Pretrial Motions and Requests |
| 41-4. | —Failure To Raise Defense, Objection or Request |
| 41-5. | —Time for Making Pretrial Motions or Requests |
| 41-6. | —Form and Manner of Making Pretrial Motions |
| 41-7. | —Hearing and Ruling on Pretrial Motions |
| 41-8. | Motion To Dismiss |
| 41-9. | —Restriction on Motion To Dismiss |
| 41-10. | —Defects Not Requiring Dismissal |
| 41-11. | —Remedies for Minor Defects Not Requiring Dismissal |
| 41-12. | Motion To Suppress |
| 41-13. | —Return and Suppression of Seized Property |
| 41-14. | —Suppression of Intercepted Communications |
| 41-15. | —Time for Filing Motion To Suppress |
| 41-16. | —Effect on Seized Property of Granting Motion |
| 41-17. | —Particular Judicial Authority May Not Hear Motion |
| 41-18. | Severance of Offenses |
| 41-19. | Trial Together of Informations |
| 41-20. | Bill of Particulars; Time for Filing |
| 41-21. | —Content of Bill |
| 41-22. | —Furnishing of Bill |
| 41-23. | Transfer of Prosecution; Grounds |
| 41-24. | —Time for Motion to Transfer |
| 41-25. | —Proceedings on Transfer |


*For previous Histories and Commentaries see the editions of the Practice Book corresponding to the years of the previous amendments.*

---

**Sec. 41-1. Pretrial Motion Practice; Exclusive Procedures**

Except as otherwise provided in these rules, all motions to strike, motions to quash, motions to dismiss, and other dilatory pleas are abolished, and defenses and objections which heretofore could have been raised by one or more of them may be raised only by motions made in conformity with this chapter.

(P.B. 1978-1997, Sec. 807.)

**Sec. 41-2. —Matters To Be Raised by Motion**

Any defense, objection or request capable of determination without a trial of the general issue may be raised only by a pretrial motion made in conformity with this chapter.

(P.B. 1978-1997, Sec. 808.)

**Sec. 41-3. —Pretrial Motions and Requests**

Unless otherwise provided by statute or rule, or permitted by the judicial authority for good cause shown, pretrial motions and requests shall consist only of one or more of the following:

(1) Motions to dismiss under Sections 41-8 through 41-11;

(2) Motions and requests for discovery and depositions under chapter 40;

(3) Motions to suppress evidence under Sections 41-12 through 41-17;

(4) Motions for joinder or severance under Sections 41-18 and 41-19;

(5) Motions for a bill of particulars under Sections 41-20 through 41-22;

(6) Motions for transfer of prosecution under Sections 41-23 through 41-25.

(P.B. 1978-1997, Sec. 809.)

**Sec. 41-4. —Failure To Raise Defense, Objection or Request**

Failure by a party, at or within the time provided by these rules, to raise defenses or objections or to make requests that must be made prior to trial shall constitute a waiver thereof, but a judicial authority, for good cause shown, may grant relief from such waiver, provided, however, that lack of jurisdiction over the offense charged or failure of the information to charge an offense may be raised by the defendant or noticed by the judicial authority at any time during the pendency of the proceedings.

(P.B. 1978-1997, Sec. 810.)

**Sec. 41-5. —Time for Making Pretrial Motions or Requests***

Unless otherwise provided by these rules or statute, all pretrial motions or requests shall be made not later than ten days after the first pretrial conference in the court where the case will be tried, or, with permission of the judicial authority, at such later time as the judicial authority may fix. However, defenses and objections alleging lack of jurisdiction over the offense charged or failure of the information to charge an offense may be raised by the defendant or noticed by the judicial authority at any time during the pendency of the proceedings.

(P.B. 1978-1997, Sec. 811.)

***APPENDIX NOTE:** The Rules Committee of the Superior Court enacted, and the judges of the Superior Court subsequently adopted, certain changes to the provisions of this rule in response to the public health and civil preparedness emergencies declared on March 10, 2020, and renewed on September 1, 2020. See Appendix of Section 1-9B Changes.

**Sec. 41-6. —Form and Manner of Making Pretrial Motions**

Pretrial motions shall be written and served in accordance with Sections 10-12 through 10-17 unless, for good cause shown, the judicial authority shall grant permission to make an oral pretrial



© Copyrighted by the Secretary of the State of the State of Connecticut

C-1 DOCKET NO.S: K21NCR21-0163593-S AND K21NCR21-0163591-S
STATE OF CONNECTICUT
VS.
ANDREW COOK

JUDICIAL DISTRICT
OF NEW LONDON
AT NORWICH/NEW LONDON
04/23/2021
SUPERIOR COURT

# MOTION FOR DISCOVERY AND BILL OF PARTICULARS

DEFENDANT REQUESTS ANY AND ALL EVIDENCE THE STATE HAS IN THE ABOVE ENTITLED DOCKET NUMBERS TO INCLUDE ALL EXCULPATORY EVIDENCE OBTAINED AT DEFENDANTS ADDRESS OF 165 PROSPECT ST. NORWICH, CT AND ANY AND ALL EVIDENCE TO INCLUDE COLLATERAL EVIDENCE FROM "ORIGINAL" EVIDENCE AT 165 PROSPECT ST. NORWICH, CT ON FEBUARY 28, 2021 AND ANY/ALL AFTER THAT DATE TO ALSO INCLUDE ANY STATEMENTS, CALLS TALKS PRIOR TO FEB. 28, 2021 WITH ANYONE, WITNESSES, C.I.S OR ANY LAW ENFORCEMENT AGENCY WHATSOEVER TO ALSO INCLUDE THE FOLLOWING UP TO THE CURRENT DATE AND ANY PRELIMINARY EVIDENCE THE STATE MAY BE STILL INVESTIGATING:

A) LIST OF ALL EVIDENCE OBTAINED AT DEFENDANTS ADDRESS, MATERIAL AND CIRCUMSTANTIAL.
PHOTOGRAPHS, STATEMENTS AND VIDEO/AUDIO OF ABOVE
B) STATEMENTS BY ALL "WITNESSES" AND "VICTIMS".
C) STATEMENTS BY ALL POLICE AND ALL LAW ENFORCEMENT INVOLVED.
D) MINUTES OF ANY/ALL 911 CALLS OR NON-EMERGENCY CALLS
E) LIST OF ALL PROPERTY AND EVIDENCE FOUND ON DEFENDANTS PERSON.
F) STATEMENTS BY ANY NEIGBORS ON PROSPECT ST. NORWICH, CT.
G) STATEMENTS, PHONE CALL, 911 OR NONEMERGENCY BY ANYONE PERTAINING TO ALLEGATIONS AT ANY TIME PRIOR TO OR ANY DATE THEREAFTER FEBUARY 28, 2021 AND ALSO ON THAT DATE.
H) WARRANT/S
I) AFFIDAVITS FOR ABOVE WARRANT/S.
IF ORAL - MINUTES THEREOF.
J) ANY AND ALL PHOTOGRAPHS, WHETHER EVIDENCE OR NOT
K) ANY/ALL CONCLUSIONS, DOCUMENTATION BY ANY TECHNICAL OR FORENSIC UNITS, TESTING, ETC BY ANY LAW ENFORCEMENT AGENCIES.
L) ANY "STATEMENTS" BY DEFENDANT.

PLEASE PRODUCE ALL OF THE ABOVE REQUESTED IN A REASON-

C-2

-ABLE TIME PURSUANT TO DISCOVERY STATUTES, RULES OF EVIDENCE, PRACTICE BOOK AND RULES OF PROFESSIONAL CONDUCT GUIDING DUE DILIGENCE.

BY DEFENDANT, [signature]
ANDREW COOK
CORRIGAN C.I. - 986 NORWICH-NEW LONDON TPK.
UNCASVILLE, CT 06382

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THIS MOTION WAS MAILED ON THE 23RD DAY OF APRIL, 2021 TO THE OFFICE OF STATES ATTORNEY AT 1 COURTHOUSE SQUARE, NORWICH, CT. 06360

[signature]
ANDREW COOK #103713
986 NORWICH-NEW LONDON TPK.
UNCASVILLE, CT 06382

D

DOCKET NO;K21NCR21-0163593-S
and K21NCR21-0163591-S
STATE OF CONNECTICUT
v
ANDREW COOK

JUDICIAL DISTRICT
OF NEW LONDON
AT NORWICH
05/26/2021
SUPERIOR COURT

## MOTION TO COMPEL DISCOVERY AND BILL OF PARTICULARS

Defendant hereby requests that the court compel states attorney to produce all discovery and all evidence as required by The Rules of Evidence,Rules of the Court,P.B. and the U.S.Constitution.This Motion is in response and following defendants Motion For Discovery and Bill of Particulars dated 04/23/2021 and filed with the court on 05/03/2021.It has been more than (30)thirty days since the original motion requesting discovery was sent and in the interest of Due Process defendant reqires this to properly defend himself.There has been enough due process"irregularities" as it is.With that being said,defendant respectfully asks the Court to compell the State to produce and disclose everything requested in Motion for Discovery dated 04/23/2021 forthwith.

By Defendant, [signature]
Andrew Cook
Corrigan C.I.
986 Norwich-New London
Tpk,Uncasville,CT 06382

## CERTIFICATION

I herby certify that a copy of this motion was mailed by U.S Mail on the 26th day of May 2021 to the office of the states attorney to 1 Courthouse Square,Norwich,CT 06360

By [signature]
Andrew Cook#103713
986 Norwich-New London Tpk.
Uncasville,CT 06382

E-1

DOCKET NO;K21NCR21-0163593-S
and K21NCR21-0163591-S

STATE OF CONNECTICUT

v.

ANDREW COOK

JUDICIAL DISTRICT
OF NEW LONDON

AT NORWICH

06/06/2021

SUPERIOR COURT

AMENDED MOTION TO COMPEL DISCOVERY AND
BILL OF PARTICULARS

Defendant hereby Amends Motion to include Memorandum of law in support,compelling Discovery request dated 05/26/2021,as Defendant is pro se(at this point)and obtaining caselaw while incarcerated and with no law library is almost insurmountable.

Defendant hereby request the Court to Compel the States attorney to produce all discovery and all evidence as required by the Rules of Evidence,Rules of the Court,P.B.and the U.S.Constitution This Motion is to compel Motion for Discovery and Bill of Particulars dated04/23/2021.It has been more than thirty(30)days since that motion was filed and in the interest of Due Process defendant requires this Evidence to properly defend himself and respectfully asks the Court to Compel the State to produce and disclose everything requsted in the Motion dated 04/23/2012 forthwith.

Memorandum of Law in Support follows and is attached .

By Defendant,

#103713 Andrew Cook

986 Norwich-New London

Tpk.Uncasville,CT 06382

E-2

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

Defendant hereby states facts and facts of law.Genrally speaking the state is limited to proving that the defendant has committed the offense/sin substantially the manner described in the information ---CT

Case law makes clear this is meant to insure that the defendant is provided with sufficient notice of the crimes against which he must defend.485 U.S.1036,108 S.Ct.1598,99L.Ed 2d 913(1988)That the offense should be described with sufficient definitiveness and particularity to apprise the defendant of the nature of the charges against him so he can prepare to meet it at trial---are principles of Constitutional Law that are inveterate and sacrosanct."Morever,the state has a duty to inform a defendant wiyhin reasonable limits,of the time/s when the offense/s charged was alleged to have happened.(Defendant here has not so much as rec'd a police report-only rec'd protective order for drug dealing/using "victim" and was'nt even given notice or heard on that) The 6th Amendment to the Constitution and Article first, sec.8 of the CT Constitution guarantees a criminal defendant the right to be informed of the nature and cause of the charges against him with sufficient precision---State v. Laracuente 205 Conn.515,518,534 A.2d 882.

The defendant has the burden of showing of why the (additional) particulars are necessary to the preparation of his defense.State v.Stepney 191 Conn.233,241,464 A.2d 758.Defendant states why these are necessary heretofor;Exact times needed for possible suppression of evidence,preservasion of 4th Amendment rights,details of evidence,possible manufactured cause,insufficient cause,false "witnesses",affiants and police/detective statements and the like.Also need to show chain of events from Docket ending ....591-S,911 call times,etc,up to obtaining warrant which lead to Docket ending......593-S and siezure of items purportedly found in Room D at 165 Prospect St,Norwich.Though if state relies on Saraceno

E-3

stating unreasonable to produce particular times and dat this has no relevance as defendant here is requesting exactness for one(1)day,possibly two if search went into March 1, 2021,whereas in Saraceno defendant was requesting exactness of times over a long continuous time,months,and state claimed did'nt have.Defendants request here is'nt unreasonable as there are records of exact times of everything,from 911 call to date and timed warrantto time of arrest,etc.etc.For all the reasons and facts of law defendant requests the state produce everything requested in the Motion for Discovery forthwith in a reasonable time.

Respectfully by Defendant,

Andrew Cook

Corrigan C.I.
986 Norwich-New London Tpk.
Uncasville,CT 06382

CERTIFICATION

I hereby certify that a copy of this Motion was mailed byU.S.Mail on the 9th day of June 2012 to the Office of the States Attorney at 1 Courthouse Square,Norwich,CT 06360

By,

Andrew Cook
986 Norwich-New London Tpk
Uncasville,CT06382

UNCASVILLE, CT 06382

ZIP 06382
041M11291821

UNITED STATES DISTRICT COURT
141 Church Street
NEW HAVEN, CT 06510

— PRIVILEGED LEGAL MAIL —