UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW COOK,<br>    Petitioner, | :<br>:<br>: |
| v. | :    Case No. 3:21-cv-1465 (SRU) |
| | : |
| MARTIN, et al.,<br>    Respondents. | :<br>: |

**RULING AND ORDER**

Andrew Cook, currently incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his pretrial detention. The respondents (Warden Robert Martin and the State of Connecticut) have moved to dismiss the petition, arguing that, pursuant to the Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971), this Court must abstain from exercising jurisdiction over Cook's claims. In addition, the respondents contend that the petition must be dismissed because Cook has failed to properly exhaust his state court remedies, and because Cook's petition includes no claims for relief cognizable in a habeas action. Cook has filed a memorandum in opposition to the motion to dismiss and has additionally filed a motion for summary judgment (which, as he explains, is actually a motion for entry of default), and a motion to amend or supplement his petition (captioned a Motion to Supplement Pleadings).

For the reasons that follow, the respondents' motion to dismiss is **granted** and the petition is **dismissed without prejudice.** Cook's motion for default is **denied**. Given that I conclude that amendment would be futile, Cook's motion for leave to amend or supplement the pleadings is also **denied.**

**1.**     **Motion for Summary Judgment**

Though styled as a motion for summary judgment, Cook notes in his opposition to the motion to dismiss that the motion is, in effect, a motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a). *See* Doc. No. 19 at 4. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

In my order to show cause, I directed the respondents to reply to Cook's petition by February 14, 2022. *See* Doc. No. 9. On February 10—well within that deadline—the respondents moved to dismiss Cook's petition. *See* Doc. No. 13. (Although Cook may not have received a copy of that motion by February 14, the relevant date for purposes of determining whether the respondents are in default is the date of filing—not the date Cook received a copy of the motion in the mail). Because the respondents timely filed the motion to dismiss, there is no basis for entry of default, and Cook's motion [Doc. No. 17] is **denied**.

**2.    Motion to Dismiss**

In their motion to dismiss Cook's petition, the respondents set forth three grounds for dismissal: (1) pursuant to *Younger*, abstention is required; (2) Cook has failed to properly exhaust his state court remedies prior to filing suit in federal court; and (3) Cook has failed to set forth any cognizable claims. Because I agree with the respondents that abstention is warranted pursuant to *Younger*, I do not address the other grounds for dismissal.[1]

---

[1] In their motion to dismiss, the respondents construe Cook's petition as arising under 28 U.S.C. § 2254, although they additionally reference section 2241. Given that Cook is a pretrial detainee, his petition properly arises under section 2241, which provides a vehicle for a claim by a state pretrial detainee that he or she is "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3); *see also Patterson v. Fed. Bureau of Prisons*, 2018 U.S. Dist. LEXIS 28094, at *3 (S.D.N.Y. Feb. 20, 2018) ("A prisoner in state custody generally must challenge his incarceration in a petition under 28 U.S.C. § 2254, but § 2241 relief is available to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law.").

Cook, currently incarcerated at Corrigan-Radgowski Correctional Institution, is awaiting trial on charges of criminal possession of a firearm, ammunition, or electronic defense weapon; illegal possession of a large magazine; illegal bomb manufacture; illegal alteration of a firearm identification mark; and "awaiting disposition" on charges of disorderly conduct; interfering with an officer/resisting arrest; assault on a public safety office; and threatening. *See State v. Cook*, KNL -CR21-0163593-T; K21N-CR21-0163591-S (available on the Connecticut Judicial Branch website, www.jud.ct.gov under the case look-up tab and criminal subtab).

On November 1, 2021, Cook filed this petition pursuant to 28 U.S.C. § 2241. *See* Doc. No. 1. Cook concedes that he has not raised any of the issues identified in his petition via direct appeal or on collateral review, and indicates that the instant petition functions, in essence, as an appeal of his pending state proceedings. *See* Pet., Doc. No. 1, at 2 ¶ 7. In his petition and subsequent amendment to that petition, Cook contends that (1) discovery and a bill of particulars are being withheld from him, and his motions requesting the same have been ignored, in violation of the Fifth, Sixth, and Fourteenth Amendments;[2] (2) he has not been provided with the evidence against him and therefore cannot a litigate motion to dismiss or a motion to suppress, in violation of the Fourteenth Amendment; and (3) rules suspending or altering "the due process of motions" and speedy trial provisions violate the Separation of Powers Act, and the Fourteenth, Sixth, and Eighth Amendments. *See id.* at 6-7; *see also* Doc. No. 11.

As a general matter, federal courts have a "virtually unflagging" duty to "adjudicate claims within their jurisdiction." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491

---

[2] Cook separates that first claim into two separate claims, one alleging that the state has withheld discovery and a bill of particulars and failed to rule upon his motions, and the second alleging that the state has violated his due process rights. He indicates, however, that the factual basis for his second claim is set forth in his first claim, and I therefore consider those claims together.

3

U.S. 350, 359 (1989) (cleaned up). In *Younger v. Harris*, however, the Supreme Court recognized a narrow exception to that general rule, holding that basic principles of federalism prohibit a federal court from "enjoin[ing] a pending state criminal proceeding in the absence of special circumstances."[3] *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. at 37); *see also Sprint Communs., Inc. v. Jacobs,* 571 U.S. 69, 78 (2013) ("ongoing state criminal prosecutions" fall within the scope of "exceptional circumstances" which "justify a federal court's refusal to decide a case in deference to the States") (cleaned up); *Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022).

Pursuant to *Younger*, federal courts have routinely declined to entertain habeas petitions filed by defendants who are in the midst of ongoing state criminal proceedings. *See, e.g., Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (declining to consider a section 2241 petition on the merits pursuant to *Younger*); *Jones v. Walker*, 2022 WL 623584, at *2 n.2 (S.D.N.Y. Mar. 3, 2022) ("Where a pretrial detainee challenges his custody in a habeas corpus petition brought under § 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding."); *Robinson v. Sposato*, 2012 U.S. Dist. LEXIS 75927, at *11 (E.D.N.Y. May 29, 2012); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973) (federal courts cannot "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court").

Although not dispositive, factors relevant to the analysis of whether abstention is appropriate include: "1) whether there is a pending state proceeding, 2) whether that proceeding

---

[3] Although not relevant to the case at bar, "state 'civil enforcement proceedings' and proceedings involving state courts 'performing their judicial functions'" also "trigger *Younger* abstention." *Lowell v. Vt. Dep't of Children & Families*, 835 F. App'x 637, 639 (2d Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013)) (cleaned up).

implicates an important state interest, and 3) whether the state proceeding affords an adequate opportunity for judicial review of federal constitutional claims." *Lowell*, 835 F. App'x at 639 (quoting *Falco v. Justices of Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F. 3d 425, 427 (2d Cir. 2015)) (cleaned up). Nevertheless, "a federal court may exercise jurisdiction if the plaintiff can make a showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Id.* at 639 (cleaned up).

In the case at bar, there is no dispute that Cook's claims of constitutional error relate to an ongoing state criminal prosecution; the parties agree that, at the time of filing, Cook's case was on the "firm trial list." Resp. Mem., Doc. No. 14 at 2, Pet. Mem. at 11. Although Cook notes in his motion to amend or supplement his petition that one of the actions is now "awaiting disposition" while the other is designated "pretrial," there is no indication that either action has been resolved. *See* Doc. No. 22; *see also* State of Connecticut Judicial Branch, Pending Case Detail, KNL -CR21-0163593-T; K21N-CR21-0163591-S, https://www.jud.ct.gov/crim.htm.

With regard to the second condition, an important state interest is implicated whenever a party seeks to enjoin an ongoing state criminal prosecution. *See Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) ("There is no question that [an] ongoing prosecution implicates important state interests: *Younger* itself settled the importance of the state's interest in criminal proceedings.").

Finally, it appears that Cook will have an adequate opportunity to have his constitutional claims reviewed in state court, either during the course of the ongoing proceedings, or, in the event he is convicted, on direct appeal or collateral review. *See, e.g., Robinson*, 2012 U.S. Dist. LEXIS 75927 at *11 ("At the time he commenced this proceeding, the criminal proceeding against petitioner was still pending in state court and there is ample opportunity for review of

5

petitioner's constitutional claim in state court, i.e., by way of direct appeal from, or other collateral attack of, his judgment of conviction in state court."); *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 317 (E.D.N.Y. 2006) (abstaining from adjudicating claim brought pursuant to 42 U.S.C. § 1983 where plaintiffs could "raise their arguments in state court" and "on appeal once a state court judgment is entered"); *see also Davis*, 851 F.2d at 76 ("No more is required to invoke *Younger* abstention than the *opportunity* to present federal claims in the state proceeding.") (cleaned up); *Moore v. Smalls*, 2018 U.S. Dist. LEXIS 133050, at *4 (S.D.N.Y. Aug. 6, 2018) ("A pending state prosecution ordinarily provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.") (cleaned up).

Opposing the motion to dismiss, Cook contends that exceptions to the *Younger* abstention doctrine apply. In particular, Cook claims that he will suffer irreparable harm if this Court does not intervene in the state proceedings because he will be forced to proceed to trial, where the state will likely introduce into evidence certain items that were obtained in violation of the Fourth Amendment. Pet. Mem., Doc. No. 19 at 11-12. If convicted, Cook faces a potential term of seventy years' incarceration. *Id.* at 12. Finally, Cook maintains that the state court prosecution was undertaken in bad faith. *Id.* at 14.

As an initial matter, the "burden of defending a criminal prosecution is. . . insufficient without more to constitute irreparable harm." *Davis*, 851 F.2d at 77; *see also Saunders v. Flanagan*, 62 F. Supp. 2d 629, 635 (D. Conn. 1999) ("That the plaintiff will be forced to defend against a charge of murder in state court does not constitute the extraordinary circumstances resulting in irreparable harm warranting this court to refuse to apply the doctrine of *Younger* abstention . . . ."). As a result, the mere fact that Cook's case may go to trial and that there is a

6

possibility that the state may seek to introduce evidence which was allegedly obtained in violation of the Fourth Amendment is insufficient to demonstrate "irreparable injury that is both serious and immediate." *Moore*, 2018 U.S. Dist. LEXIS 133050 at *3-4; *see also Tyson v. Clifford*, 2018 U.S. Dist. LEXIS 215377, at *12 (D. Conn. Dec. 21, 2018).

Cook has additionally failed to demonstrate that the prosecution was undertaken in bad faith. To invoke that exception, a plaintiff "must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive," *Diamond "D" Constr. Corp.*, 282 F.3d at 199, and was undertaken by state officials "without hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D" Constr. Corp.,* 282 F.3d at 199*; see also Lowell,* 835 F. App'x at 640. Although Cook submits that his state court prosecution was initiated in bad faith, he sets forth no facts from which I can determine that the state initiated this prosecution without any hope of obtaining a valid conviction, or did so purely with the goal of harassing or retaliating against him. Instead, the crux of Cook's claim appears to be that the Court has failed to address or rule upon certain of his motions and to provide him adequate discovery to allow him to prepare for trial. Cook notes, however, that he has been appointed an attorney without his consent, which may account for the Court's failure to rule on motions filed *pro se* (at least until Cook is formally permitted to proceed *pro se*). *See* Doc. No. 11. In sum, based on the allegations set forth in Cook's pleadings, there is simply no basis to conclude that the bad faith exception to abstention should apply.

Accordingly, the motion to dismiss pursuant to *Younger* [Doc. No. 13] is **granted.**

7

### 3. Motion to Amend/Supplement Pleadings

Cook has additionally filed a motion pursuant to Federal Rule of Civil Procedure 15(d) and 15(c)(1)(b) to "supplement the pleadings." Doc. No. 22. In support of his motion, Cook explains that his two separate criminal matters have now been severed, in violation of his Sixth and Fourteenth Amendment rights, and contends that the state's choice to sever the actions has prevented him from properly defending himself and therefore constitutes evidence of retaliation. *See id.* In addition, Cook contends that since this action was initiated, the state has substituted certain of his charges and, in doing so, has added new felony charges in retaliation for his attempt to vindicate his constitutional rights. *See id*.

Although leave to amend or file a supplemental pleading should be freely given (particularly when an individual is proceeding *pro se*), a court may decline to grant leave if amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *see also Cancel v. Goord*, 2002 U.S. Dist. LEXIS 1631, at *8 (S.D.N.Y. Feb. 1, 2002). "[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *see also United States ex rel. Dearmas v. INS,* 2000 U.S. Dist. LEXIS 9456, at *3 (S.D.N.Y. June 21, 2000) (motion for leave to amend section 2241 petition governed by Federal Rule of Civil Procedure 15).

In the case at bar, the addition of the proposed new claims does not alter the conclusion regarding the propriety of abstention under *Younger.* More specifically, it does not appear that there is any basis to recognize an exception to abstention, even if Cook were permitted to file an

8

amended or supplemental petition setting forth new claims regarding recent events in the state proceedings. Although Cook argues that, since he filed the instant petition, the state has substituted certain of the charges brought against him, and has severed his two pending actions from one another, neither action by the state would support Cook's claim that the instant prosecution is infected with retaliatory animus or that it was commenced to deter Cook from engaging in constitutionally protected conduct such that an exception to *Younger* abstention should apply. *See Diamond "D" Constr. Corp.*, 282 F.3d at 199. Moreover, as explained above, there is no indication that the state has commenced the instant prosecution with "no reasonable expectation of obtaining a favorable outcome." *Id.; see also Lowell*, 835 F. App'x at 640. Finally, Cook will have an adequate opportunity to present his federal claims in state court. Because the proposed additions or changes do not alter the conclusion that abstention pursuant to *Younger* is appropriate, amending or supplementing would be futile. *See, e.g., Jones v. Walker*, 2022 U.S. Dist. LEXIS 37778, at *5 (S.D.N.Y. Mar. 3, 2022) (dismissing section 2241 petition and denying leave to amend).

Accordingly, the motion to amend or supplement the pleadings [Doc. No. 22] is **denied**.

### III.      Conclusion

Because Cook is in the midst of litigating an ongoing criminal prosecution, and because no exception to the *Younger* abstention doctrine applies, the respondents' motion to dismiss [Doc. No. 13] is **granted** and the petition is dismissed **without prejudice**. *See Helms Realty Corp. v. City of N.Y.*, 820 F. App'x 79, 81 (2d Cir. 2020) (where *Younger* applied, "the District Court should have abstained by dismissing the case without prejudice"); *see also Gristina v. Merchan,* 2022 U.S. Dist. LEXIS 90525, at *14 (S.D.N.Y. May 19, 2022). Cook's motions for

summary judgment [Doc. No. 17] and for leave to amend or supplement the pleadings [Doc. No. 22] are **denied**.  The Clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of July 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge